In the Matter of FORRENCE ORCHARDS, INC., et al., Appellants. PHILIP ROSS, as Industrial Commissioner, Respondent.

Third Department, February 25, 1982

#### APPEARANCES OF COUNSEL

*Fitzpatrick, Bennett, Trombley & Lennon* (*William L. Owens* of counsel), for appellants.

*Robert Abrams, Attorney-General* (*Frederick M. Paola* and *Paul S. Shemin* of counsel), for respondent.

#### OPINION OF THE COURT

MIKOLL, J.

Appellants are apple growers who in 1978, 1979 and 1980 were assessed additional contributions under the Unemployment Insurance Law (Labor Law, art 18) upon wages paid to temporary alien farm workers brought into this country under the provisions of the Immigration and Nationality Act (US Code, tit 8, § 1101 *et seq.*). Appellants' requests for refunds were denied. After a hearing, an Administrative Law Judge determined that the contributions were properly assessed under the New York State Labor Law although they were excluded from assessment under the Federal Unemployment Tax Act (US Code, tit 26, § 3301 *et seq.*). Appellants appealed to the Unemployment Insurance Appeal Board, which affirmed the Administrative Law Judge's decision. This appeal ensued.

Appellants' contention that Federal control of immigration matters, coupled with Congress' clear intent to exclude employers of alien farm workers from Federal unemployment insurance laws, operates to pre-empt the State of New York from requiring employers to pay unemployment contributions upon the wages of alien farm workers, is rejected. The Federal Unemployment Tax Act does not pre-empt New York State from requiring employers of temporary alien agricultural workers to make contributions under the Unemployment Insurance Law. The decision of the board should be affirmed.

Under the Federal law, the term "employment" does not include "agricultural labor performed before January 1, 1982, by an individual who is an alien admitted to the United States to perform agricultural labor pursuant to * * * the Immigration and Nationality Act" (US Code, tit 26, § 3306, subd [c], par [1], cl [B]). This provision excludes employers of alien farm workers from the unemployment tax. The State law, however, while mirroring the Federal statute in many respects, does not contain such an exclusion (Labor Law, § 564).

The Federal laws regulating the particular aspect of immigration at issue here, i.e., admittance of aliens for temporary farm work, are subdivision c of section 1184 and section 1101 (subd [a], par [15], cl [H]) of the Immigration and Nationality Act (US Code, tit 8, § 1101 *et seq.*). The State Unemployment Insurance Law is in no way at odds with the Federal law's provisions governing the admittance of aliens for farm work, and the latter provisions furnish no basis for invalidating the State law.

That the Federal Unemployment Tax Act excludes certain items from its definition of "employment" does not preclude a State from including those items in its definition. A State Legislature may determine what is "employment" without regard to existing definitions, and is not required to conform in every respect to the Federal scheme (*Equitable Life Ins. Co. v Iowa Employment Security Comm.*, 231 Iowa 889; 76 Am Jur 2d, Unemployment Compensation, § 23, pp 900-901). The existence of the Federal exemption does not require the existence of a State

exemption (*Standard Dredging Corp. v Murphy,* 319 US 306, 311).

The decision should be affirmed, with costs.

MAHONEY, P. J., SWEENEY, YESAWICH, JR., and LEVINE, JJ., concur.

Decision affirmed, with costs.